Zarda v. Altitude Express

# UNITED STATES COURT OF APPEALS

# FOR THE SECOND CIRCUIT

August Term, 2016

(Argued: January 5, 2017     Decided: April 18, 2017)

Docket No. 15-3775

- - - - - - - - - - - - - - - - - - -x

MELISSA ZARDA, co-independent executor of the estate of Donald Zarda, and WILLIAM ALLEN MOORE, JR., co-independent executor of the estate of Donald Zarda,

Plaintiffs-Appellants,

- v.-

ALTITUDE EXPRESS, doing business as SKYDIVE LONG ISLAND, and RAY MAYNARD,

Defendants-Appellees.

- - - - - - - - - - - - - - - - - - -x

Before:     JACOBS, SACK, and LYNCH, Circuit Judges.

Donald Zarda, a skydiver, sued his former employer in the United States District Court for the Eastern District of New York (Bianco, J.), asserting (inter alia) sexual-orientation discrimination in violation of New York state law and sex

discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq. The district court, relying on our decision in Simonton v. Runyon, 232 F.3d 33 (2d Cir. 2000), declined to hold that discrimination based on sexual orientation constituted discrimination based on sex for purposes of Title VII. The state-law claim for sexual-orientation discrimination went to trial where a jury found for the defendants. On appeal, Zarda argues that Simonton should be overturned. We do not entertain that argument because a panel of this Court could not overturn another panel's decision. Moreover, we reject Zarda's argument that he is entitled to a new trial on his state-law claim because of alleged evidentiary errors, unfair discovery practices, and prejudicial arguments to the jury based on gay stereotypes. Consequently, we **AFFIRM** the judgment of the district court in all respects.

GREGORY ANTOLLINO, New York, NY, for Appellants.

Stephen Bergstein, Bergstein & Ullrich, LLP, Chester, NY, for Appellants.

SAUL D. ZABELL, Zabell & Associates, P.C., Bohemia, NY, for Appellees.

Lenora M. Lapidus, Gillian L. Thomas, Ria Tabacco Mar, and Leslie Cooper, American Civil Liberties Union Foundation, New York, NY; Erin Beth Harrist, Robert Hodgson, and Christopher Dunn, New York Civil Liberties Union Foundation, New York, NY, for Amici Curiae American Civil Liberties Union; New York Civil Liberties Union; 9to5; National Association of Working Women; A Better Balance; Coalition of Labor Union Women; Equal Rights Advocates; Gender Justice; Legal Voice; National Women's Law Center;

2

Southwest Women's Law Center; Women Employed; Women's Law Center of Maryland; Women's Law Project, in support of Plaintiffs-Appellants.

Michael D.B. Kavey, LGBTQ Rights Clinic, New York, NY; Omar Gonzalez-Pagan, Lambda Legal Defense and Education Fund, Inc., New York, NY; Gregory R. Nevins, Lambda Legal Defense and Education Fund, Inc., Atlanta, GA, for Amicus Curiae Lambda Legal, in support of Plaintiffs-Appellants.

PER CURIAM:

Plaintiff Donald Zarda, a skydiver, alleges that he was fired from his job as a skydiving instructor because of his sexual orientation.[1] He sued his former employer, Altitude Express (doing business as Skydive Long Island) and its owner Raymond Maynard (collectively "Altitude Express"), asserting that he was discriminated against in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., and New York law.[2] The United States District Court for the Eastern District of New York (Bianco, J.), found a triable issue of fact as to whether Zarda faced discrimination because of his sexual orientation in violation of New York law, but otherwise granted summary judgment to Altitude Express on Zarda's discrimination claims. In particular, the district court held that the defendants were entitled to summary judgment on Zarda's Title VII claim because Second Circuit precedent holds that Title VII does

---

[1] Zarda died in a skydiving accident before the case went to trial, and two executors of his estate have replaced him as plaintiff. Zarda and his estate's executors are collectively referred to as "Zarda."

[2] Zarda also alleged violations of state and federal laws relating to overtime and minimum wage. Those claims are not before us on appeal.

not protect against discrimination based on sexual orientation.  At trial, the jury found for the defendants on Zarda's state-law claims.

On appeal, Zarda requests that we reconsider our interpretation of Title VII in order to hold that Title VII's prohibition on discrimination based on "sex" encompasses discrimination based on "sexual orientation."  Since a three-judge panel of this Court lacks the power to overturn Circuit precedent, we decline Zarda's invitation.

Separately, Zarda asserts that several errors infected the trial on his state-law discrimination claim, warranting a new trial.  Finding no abuse of discretion by the district court, we affirm the judgment in all respects.

## I

In 2010, Rosanna Orellana and her boyfriend David Kengle went skydiving at Altitude Express.  Each purchased tandem skydives, in which the instructor is tied to the back of the client so that the instructor can deploy the parachute and supervise the jump.  Zarda was Orellana's instructor.

At some point, Zarda informed Orellana that he was homosexual and he had recently experienced a break-up.  Zarda often informed female clients of his sexual orientation--especially when they were accompanied by a husband or boyfriend--in order to mitigate any awkwardness that might arise from the fact that he was strapped tightly to the woman.

When Orellana and Kengle compared notes on their respective skydives, and Kengle learned that Zarda had disclosed his sexual orientation, Kengle called Altitude Express to complain about Zarda's behavior.  Zarda was fired shortly thereafter.  Predictably, the parties dispute *why* Zarda was terminated.  Altitude Express observes that Orellana had various complaints about Zarda's behavior, and the company contends that Zarda was fired because he failed to provide an enjoyable experience for a customer.  For his part, Zarda asserts that he acted appropriately at all times and was fired because of his sexuality: either because of

4

his supervisor's prejudice against homosexuals or because he informed a client about his sexuality.[3]

## II

The district court determined that there was a genuine dispute of material fact regarding the reason for Zarda's termination. However, the district court concluded that Zarda was entitled to a trial only with respect to his state-law cause of action. See N.Y. Exec. Law § 296(1)(a) (defining discrimination on the basis of sexual orientation as "an unlawful discriminatory practice"). Zarda's Title VII claim, by contrast, was dismissed at summary judgment.

That outcome ultimately resulted from longstanding tension in Title VII caselaw. While this Court has stated that Title VII does not prohibit discrimination based on sexual orientation, Simonton v. Runyon, 232 F.3d 33, 36 (2d Cir. 2000), the Supreme Court has held that Title VII does forbid discrimination based on a failure to conform to "sex stereotypes," Price Waterhouse v. Hopkins, 490 U.S. 228, 251 (1989). See also Dawson v. Bumble & Bumble, 398 F.3d 211, 217-19 (2d Cir. 2005) (reaffirming Simonton). In light of these precedents, Zarda premised his Title VII cause of action on the ground that he had been terminated for failing to conform to sex stereotypes. Specifically, Zarda alleged that his employer "criticized [Zarda's] wearing of the color pink at work" and his practice of painting his toenails pink, notwithstanding Zarda's "typically masculine demeanor." J. App'x at 30. Accordingly, the district court, granted summary judgment in favor of defendants without analyzing whether Zarda could rely on a "sex stereotype" that men should date women. Instead, the district court limited its analysis to the "sex stereotypes" alleged by Zarda, including "what you may wear or how you may behave." Special App'x at 26. Determining that Zarda failed to establish the requisite proximity between his termination and his proffered instances of gender non-conformity (not including the fact that he dated other men), the district court granted summary judgment to defendants on Zarda's Title VII claim.

---

[3] Zarda alleged that another skydiving instructor had disclosed that he was heterosexual but was not punished.

During these proceedings, the Equal Employment Opportunity Commission ("EEOC") issued a decision setting forth the agency's view that discrimination based on sexual orientation constitutes sex discrimination in violation of Title VII. See Baldwin v. Foxx, E.E.O.C. Decision No. 0120133080, 2015 WL 4397641, at *5 (July 16, 2015). Relying on Baldwin, Zarda moved the district court to reconsider its grant of summary judgment on his Title VII claim. The district court denied the motion, holding that Simonton was contrary to the EEOC's decision, and that it barred Zarda from recovering on a theory that discrimination based on sexual orientation violated Title VII.

After his state-law sexual-orientation claim proceeded to trial and a jury found for the defendants, Zarda appealed.

### III

Zarda asserts that Simonton's holding that "Title VII does not proscribe discrimination because of sexual orientation" is incorrect and should be overturned. 232 F.3d at 36. As a threshold matter, Altitude Express contends that we need not consider this argument in light of the jury verdict in favor of the defendants on Zarda's state-law discrimination claim. Essentially, Altitude Express argues that the scope of Title VII's protections are irrelevant to Zarda's appeal because the jury found that Altitude Express had not discriminated.

Altitude Express is incorrect; Zarda's sex-discrimination claim is properly before us because the district court held him to a higher standard of causation than required by Title VII. Under Title VII, a plaintiff must demonstrate that sex "was a 'substantial' or 'motivating' factor contributing to the employer's decision to take the [adverse employment] action." Vega v. Hempstead Union Free Sch. Dist., 801 F.3d 72, 85 (2d Cir. 2015). Accordingly, to show causation for sex discrimination under Title VII, "[i]t suffices . . . to show that the motive to discriminate was one of the employer's motives, even if the employer also had other, lawful motives that were causative in the employer's decision." Univ. of Tx. Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2523 (2013).

At trial, the district court instructed the jury that Zarda could prevail on his state-law sexual-orientation discrimination claim only if he could prove that "he would have continued to work for Altitude Express . . . except for the fact that he was gay."[4] J. App'x at 1771. In other words, the jury charge required Zarda to prove but-for causation, which is a higher standard of causation than is necessary for Title VII sex-discrimination claims. See Vega, 801 F.3d at 86 ("[A] plaintiff in a Title VII case need not allege 'but-for' causation.").

If Zarda is correct that discrimination based on sexual orientation is equivalent to prohibited sex discrimination under Title VII, then he would have been entitled to a jury instruction on the less stringent "motivating-factor" test for causation. See Gordon v. N.Y. City Bd. of Educ., 232 F.3d 111, 116 (2d Cir. 2000) (indicating that an instruction that advises the jury on an erroneously high burden of proof warrants a new trial). It is entirely possible that a jury thought that Zarda's sexual orientation was "one of the employer's motives" (i.e. a "motivating factor") in its termination decision, but was not a "but-for cause" of his firing. In sum, if Title VII protects against sexual-orientation discrimination, then Zarda would be entitled to a new trial.

Zarda's request that we overturn Simonton is therefore not mooted by the jury verdict on his state-law claim. Nonetheless, we decline Zarda's invitation to revisit our precedent. A separate panel of this Court recently held that Simonton can only be overturned by the entire Court sitting in banc, see Christiansen v. Omnicom Grp., No. 16-478, 2017 WL 1130183, at *2 (2d Cir. Mar. 27, 2017), and the same is true in the case at bar, see United States v. Wilkerson, 361 F.3d 717, 732 (2d Cir. 2004); cf. Hively v. Ivy Tech Comm. Coll., No. 15-1720, 2017 WL 1230393, at *1-2 (7th Cir. Apr. 4, 2017) (in banc) (overturning, as an in banc court, prior Seventh Circuit precedent holding that Title VII did not prohibit discrimination based on sexual orientation).

In Christiansen, the panel nonetheless remanded to the district court after concluding that the plaintiff had stated a plausible claim of "gender

---

[4] We express no view as to whether the district court correctly instructed the jury on New York law.

stereotyping," which is actionable under Title VII. 2017 WL 1130183, at *4. That route is unavailable to Zarda, since, as explained above, the district court found that Zarda failed to establish the requisite proximity between his termination and his failure to conform to gender stereotypes, and Zarda did not challenge that determination on appeal. Consequently, Zarda may receive a new trial only if Title VII's prohibition on sex discrimination encompasses discrimination based on sexual orientation--a result foreclosed by Simonton.

## IV

Zarda asserts that he is entitled to a new trial on his state-law, sexual-orientation discrimination claim for several reasons. None has merit.

## A

Evidentiary Rulings. Zarda contends that the district court improperly admitted two types of prejudicial evidence. He suggests that the probative value of the evidence was substantially outweighed by its resulting prejudice. See Fed. R. Evid. 403. We review the district court's decision to admit this evidence for abuse of discretion. Harris v. O'Hare, 770 F.3d 224, 231 (2d Cir. 2014).

Zarda contends that the district court improperly admitted evidence concerning an occasion, nine years earlier, on which Zarda had been terminated from Altitude Express. As an initial matter, Zarda does not clearly identify the evidence he believes was improperly admitted, or why it was prejudicial. In any event, as the district court observed, evidence relating to the circumstances of an employee's previous termination is relevant to determining the circumstances of the same employee's later termination. Zarda has not shown that any prejudice substantially outweighed the relevance of this evidence. Accordingly, we see no abuse of discretion.

The district court also admitted deposition testimony in which Zarda acknowledged that there was a (small) possibility that the cause of his termination in 2001 was his filing for Worker's Compensation benefits. Assuming that this statement was prejudicial, any prejudice was negligible.

8

Zarda stated at deposition that Worker's Compensation might have played no more than a minimal role in his firing; moreover, Zarda's supervisor testified that he knew it would be illegal to fire someone for seeking Worker's Compensation benefits, and that he did not fire Zarda for this reason.

**B**

Witness List. Zarda argues that the defendants hindered Zarda's trial preparation by listing dozens more proposed witnesses in the parties' joint pre-trial order than the defendants intended to call. Zarda apparently argues that the district court should have precluded the defense witnesses from testifying, pursuant to Rules 26 and 37(c)(1) of the Federal Rules of Civil Procedure.

Even when Rule 37(c)(1) allows for witness preclusion, preclusion is not mandatory. Design Strategy, Inc. v. Davis, 469 F.3d 284, 297-98 (2d Cir. 2006). Here the district court had good reason to allow the testimony. The court found that the evidence was important, that Zarda had some notice regarding the potential testimony, and that there was no indication that the defendants had engaged in improper gamesmanship. We review a district court's decision to preclude testimony based on Rule 37(c)(1) for abuse of discretion, and we see none here. Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006).

**C**

Appeals to Prejudice. Zarda contends that defense counsel improperly influenced the jury by appealing to prejudice against homosexuals. On review, we consider whether the district court abused discretion by failing to grant relief. Marcic v. Reinauer Transp. Cos., 397 F.3d 120, 124 (2d Cir. 2005). Zarda is entitled to a new trial "only if [opposing] counsel's conduct created undue prejudice or passion which played upon the sympathy of the jury." Id. at 127 (quoting Matthews v. CTI Container Transp. Int'l, Inc., 871 F.2d 270, 278 (2d Cir. 1989)).

Although Zarda complains of several allegedly offensive remarks, the context of each comment suggests that the statements were not improper

9

references to stereotypes.  For example, Zarda argues that counsel's description of the relationship between Zarda and one of his witnesses as "odd" is prejudicial.  However, the witness was testifying in support of Zarda's claim for emotional damages, and defense counsel made this comment while trying to *downplay* the closeness of Zarda's relationship with the witness in order to make the jury skeptical of the witness's knowledge of Zarda's emotional state.  The district court held that the characterization of the relationship as "odd" was a fair argument that went to the credibility of the witness.  Zarda has not shown that the district court's ruling was an abuse of discretion or an "error[] . . . that w[as] 'clearly prejudicial to the outcome of the trial;'" consequently, he is not entitled to a new trial.  Marcic, 397 F.3d at 124 (quoting Pescatore v. Pan Am. World Airways, Inc., 97 F.3d 1, 17 (2d Cir. 1996)).

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.