16-4068-cv
*Dollinger v. N.Y. State Ins. Fund et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of February, two thousand eighteen.

PRESENT:    GUIDO CALABRESI,
            JOSÉ A. CABRANES,
            RAYMOND J. LOHIER, JR.,
                        *Circuit Judges.*

---

ROBERT A. DOLLINGER,

        *Plaintiff-Appellant*,              16-4068-cv

        v.

NEW YORK STATE INSURANCE FUND, NYSIF BOARD
OF COMMISSIONERS, WILLIAM O'BRIEN, PETER
CUSICK, JAMES FEHRER, CHARLES BROWNING, SCOTT
ENGLEHART, MARK KENYON, HEATHER
WOOLFOLK, JOSEPH MULLEN, ALYCE SIEGEL, SUSAN
LEFKOWITZ, JOHN MASSETTI, JOE NOLTE, THOMAS

1

RACKO, TINA CHRISTIANO, ROBERT VERHAYDEN,
MARK GALLO,

*Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**

Robert A. Dollinger, *pro se*, Kirkwood, NY.

**FOR DEFENDANTS-APPELLEES New York State Insurance Fund, NYSIF Board of Commissioners, William O'Brien, Peter Cusick, James Fehrer, Scott Englehart, Mark Kenyon, Heather Woolfolk, Joseph Mullen, Alyce Siegel, John Massetti, Joe Nolte, Thomas Racko, Tina Christiano, Robert Verhayden, Mark Gallo:**

Barbara D. Underwood, Solicitor General (Andrea Oser, Deputy Solicitor General, and Laura Etlinger, Assistant Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, NY.

**FOR DEFENDANT-APPELLEE Charles Browning:**

Charles C. Spagnoli, The Law Firm of Frank W. Miller, East Syracuse, NY.

Appeal from a judgment of November 18, 2016 of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be, and it hereby is, **AFFIRMED IN PART AND REMANDED IN PART**.

Plaintiff-Appellant Robert A. Dollinger ("Dollinger"), proceeding *pro se*, appeals the District Court's judgment of November 18, 2016. The judgment dismissed, pursuant to Rules 12(b)(6) and 12(c) of the Federal Rules of Civil Procedure, Dollinger's claims of sex-based discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and disability-based discrimination, hostile work environment, and retaliation in violation of

2

the Americans with Disabilities Act of 1990 ("ADA") and the Rehabilitation Act of 1973.[1] We assume the parties' familiarity with the underlying facts and the procedural history of the case.

1.  **Pending Motions**

We deny Dollinger's motion to exclude documents from the record on appeal. The record on appeal comprises among other things "the original papers and exhibits filed in the district court." Fed. R. App. P. 10(a)(1). In this case, Dollinger requests exclusion of Exhibit 1 and Exhibit 2 to the answer to Dollinger's second amended complaint. Several Defendants-Appellees filed these papers in the District Court and included them in their appendix on appeal. **[*See* Appellant's Mot. for Opportunity to Fairly Present the Full Facts Relating to Issues Raised, ECF No. 76; Appellees' App. 79–277; Exhibit 1 to Answer to Amended Complaint, *Dollinger* (N.D.N.Y. Mar. 25, 2016), ECF No. 46-1; Exhibit 2 to Answer to Amended Complaint, *id*.]** The documents are therefore properly part of the record on appeal.[2]

We also deny Dollinger's motion "to fairly present the full facts relating to the issues raised." Appellant's Mot. 2, ECF No. 76. We will consider evidence from outside the district court record only in "extraordinary circumstances." *Int'l Bus. Machs. Corp. v. Edelstein*, 526 F.2d 37, 45 (2d Cir. 1975). We see no such circumstances in this appeal.

---

[1] We understand Dollinger to be appealing the District Court's judgment of November 18, 2016 as well as the District Court's earlier orders of March 30, 2015; December 10, 2015; and November 18, 2016. Dollinger does not specifically mention either the judgment or any of the earlier orders in the letter to the District Court that that court construed as his notice of appeal. His letter refers only in general terms to the merits of his complaint, alluding to "discriminatory and retaliatory actions," "retaliatory actions," and "my disability." Appellees' App. 303. Dollinger's principal and reply briefs also omit any mention of specific orders. We conclude that this general language nonetheless gave the Defendants-Appellees sufficient notice that Dollinger meant to appeal the District Court's judgment of November 18, 2016. *Cf. Conway v. Village of Mount Kisco*, 750 F.2d 205, 211–12 (2d Cir. 1984). All earlier orders in the proceeding are ordinarily deemed to merge with the judgment for the purpose of permitting appellate review. *See Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 192 (2d Cir. 1999). We therefore understand Dollinger's appeal to encompass the three orders mentioned above.

[2] Dollinger also objects to the inclusion of "references" to these exhibits "in Appellee's Brief (Docket 65)." Appellant's Mot. 2, ECF No. 76. For the reasons given in this paragraph, we also deny Dollinger's motion insofar as it requests redaction of the principal brief submitted by all of the the Defendants-Appellees other than Defendant-Appellee Charles Browning.

## 2. Merits

We construe Dollinger's principal brief as appealing several issues decided in the District Court.

### (a) Title VII Claims

We understand Dollinger to be appealing the District Court's dismissal, pursuant to Rule 12(b)(6), of his claims of sex-based discrimination, hostile work environment, and retaliation under Title VII. We note, for example, his mention of "unlawful discrimination and retaliation on the basis of disability and sex in violation of ADA and other law." Appellant's Br. 2. We also understand Dollinger to be alluding to his Title VII claims when he repeats allegations from his complaint about workplace mistreatment having to do with his sexual orientation: "hate emails and graphics appearing on appellant's work computer screen and left in his work area displaying figures in a sexual position and stating 'NO AIDS' " and "[t]hreatening material received at . . . home includ[ing] graphics similar to other reported 'NO AIDS' graphics." *Id.* at 4.

"We review a Rule 12(b)(6) dismissal *de novo*, accepting all of the plaintiff's allegations as true and drawing all inferences in a manner favorable to the plaintiff." *United States v. City of New York*, 359 F.3d 83, 91 (2d Cir. 2004) (italicization added and citation omitted).

We remand the cause to the District Court for further consideration of the Title VII claims of sex-based discrimination that Dollinger raised in his original complaint. *Cf. Zarda v. Altitude Express*, 855 F.3d 76 (2017), *reh'g en banc granted*, No. 15-3775 (2d Cir. May 25, 2017), ECF No. 271.

### (b) ADA and Rehabilitation Act Claims

We also understand Dollinger to be appealing the District Court's dismissal under Rule 12(c) of his claims of disability-based discrimination, hostile work environment, and retaliation in violation of the ADA and the Rehabilitation Act.

"We review *de novo* the dismissal of claims pursuant to a Rule 12(c) motion for judgment on the pleadings, 'accepting the allegations in the amended complaint as true and drawing all reasonable inferences in favor of the [plaintiff].'" *Deravin v. Kerik*, 335 F.3d 195, 200 (2d Cir. 2003) (alteration in original) (quoting *Patel v. Searles*, 305 F.3d 130, 134–35 (2d Cir.2002)).

We conclude that the District Court correctly dismissed Dollinger's claims of discrimination and retaliation under the ADA and discrimination, hostile work environment, and retaliation under the Rehabilitation Act. We draw this conclusion substantially for the reasons given by the District Court in its orders of December 10, 2015 and November 18, 2016. *See* Memorandum-Decision and Order, *Dollinger v. N.Y. State Ins. Fund*, No. 3:14-CV-908 (MAD/DEP), 2016 WL 6833993, at *5–9 (N.D.N.Y. Nov. 18, 2016) (ADA discrimination and retaliation claims against individual

4

Defendants-Appellees and Rehabilitation Act discrimination, hostile-work-environment, and retaliation claims); Memorandum-Decision and Order, *id.*, 2015 WL 8491013, at *2–4 (Dec. 10, 2015) (sovereign immunity of Defendant-Appellee New York State Insurance Fund from ADA claims).

The District Court also correctly dismissed Dollinger's ADA hostile-work-environment claim. We have not yet decided whether hostile-work-environment claims are cognizable under the ADA. Even if such claims are cognizable, Dollinger would need to have alleged facts showing that the discriminatory treatment at issue was "sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment" and that the hostility occurred because of the protected characteristic of disability. *Tolbert v. Smith*, 790 F.3d 427, 439 (2d Cir. 2015). In this case, however, most of the alleged conduct related to Dollinger's sexual orientation, whereas only one harassing communication referred to a disability (HIV/AIDS). Dollinger has thus failed to allege sufficiently severe or pervasive conditions.

### (c) Denial of Motion for Leave to Amend

We understand Dollinger to appeal the District Court's denial of his motion for leave to amend his second amended complaint. The District Court denied leave on the ground that further amendment would be futile. *See* Memorandum-Decision and Order, *Dollinger*, 2016 WL 6833993, at *9.

We review a district court's decision to permit or deny leave to amend for abuse of discretion, but we review the denial of leave to amend based on futility *de novo. Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164 (2d Cir. 2015). In general, a district court should not dismiss a *pro se* complaint without permitting at least one opportunity to amend, but leave to amend can be denied if amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

We remand the cause for further consideration of Dollinger's motion in conjunction with his allegations of sex-based discrimination, hostile work environment, and retaliation under Title VII.

### CONCLUSION

We **AFFIRM** the District Court's judgment of November 18, 2016 **IN PART**. We **REMAND** the cause **IN PART** for further consideration of Dollinger's Title VII claims and his motion for leave to amend his second amended complaint. We **DENY** Dollinger's pending motions.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5